UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
**PETER CORINES,**

                            Petitioner,

       -against-                                      <u>**ORDER**</u>
                                                                   05-CV-2056 (NGG)

**WARDEN,** Otisville Federal Correctional Inst.,

                            Respondent.
-------------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

       Peter Corines ("petitioner") brings this habeas petition challenging his state court conviction, following a jury trial, of four counts of Unauthorized Practice of Medicine in violation of New York Education Law § 6512(1). Following his conviction, Corines was sentenced on February 5, 2001 to five years of probation and 500 hours of community service. Corines was subsequently prosecuted in federal court on federal charges. *U.S. v. Corines*, 02-CR-021 (S.D.N.Y.). At the time he filed the instant petition for a writ of habeas corpus in April of 2005, Corines was incarcerated at the Otisville Federal Correctional Institute pursuant to his federal conviction.

       On May 16, 2006, the Honorable Nicholas G. Garaufis referred the instant habeas petition to me for a Report and Recommendation. Docket Entry 25. During a conference held on June 5, 2006, I inquired as to the status of Corines' state court probationary sentence as of the date he filed his petition. The reason for my inquiry was to determine whether petitioner met the "in custody" requirement for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Entry 30 pp. 2-4. Counsel for respondent indicated that she believed Corines was on probation at the time he filed his petition. *Id*. Indeed, respondent's opposition to the writ did not raise this jurisdictional issue. Docket Entry 7. At the conference, Corines indicated that he believed his

probation terminated in late 2005. Docket Entry 30 pp. 2-4. He then went on to state that on some unknown date, his probation was revoked and he was sentenced to an unspecified time of incarceration that ran concurrently with his federal sentence. *Id*.

If petitioner's version of his probation status is accurate, it would appear he might satisfy the "in custody" requirement of § 2254 because he may have been incarcerated pursuant to the state conviction under attack in this habeas petition at the time he filed it, even if he was also concurrently serving a federal sentence. Because neither party had presented documentation of Corines' status at the time his petition was filed, I directed respondent to check the necessary records with the Department of Probation and to file a letter with the Court describing what those records reflect. Docket Entry 30 pp. 2-4.

There was no response for some time. Finally, on May 29, 2007, respondent filed a letter from The City of New York's Department of Probation, which indicates that petitioner's probation actually ended on October 15, 2002. Docket Entry 45. There is no reference in the letter to any probation revocation proceeding or the imposition of any state sentence of incarceration for a violation of probation. Moreover, Corines was arrested on federal charges in January of 2002, and promptly released on bail. *Corines*, 02-CR-021 (S.D.N.Y.), Docket Entry 4. Corines ultimately pled guilty to the federal charges on December 2, 2003, and was sentenced to a term of imprisonment on June 9, 2004, to begin on September 15, 2004. *Id*., Docket Entry 51. Based on the City's Department of Probation letter and the proceedings in Corines' federal case, it does not appear that petitioner meets the "in custody" requirement of § 2254.

In *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923 (1989), the Supreme Court discussed at

probation terminated in late 2005. Docket Entry 30 pp. 2-4. He then went on to state that on some unknown date, his probation was revoked and he was sentenced to an unspecified time of incarceration that ran concurrently with his federal sentence. *Id*.

If petitioner's version of his probation status is accurate, it would appear he might satisfy the "in custody" requirement of § 2254 because he may have been incarcerated pursuant to the state conviction under attack in this habeas petition at the time he filed it, even if he was also concurrently serving a federal sentence. Because neither party had presented documentation of Corines' status at the time his petition was filed, I directed respondent to check the necessary records with the Department of Probation and to file a letter with the Court describing what those records reflect. Docket Entry 30 pp. 2-4.

There was no response for some time. Finally, on May 29, 2007, respondent filed a letter from The City of New York's Department of Probation, which indicates that petitioner's probation actually ended on October 15, 2002. Docket Entry 45. There is no reference in the letter to any probation revocation proceeding or the imposition of any state sentence of incarceration for a violation of probation. Moreover, Corines was arrested on federal charges in January of 2002, and promptly released on bail. *Corines*, 02-CR-021 (S.D.N.Y.), Docket Entry 4. Corines ultimately pled guilty to the federal charges on December 2, 2003, and was sentenced to a term of imprisonment on June 9, 2004, to begin on September 15, 2004. *Id*., Docket Entry 51. Based on the City's Department of Probation letter and the proceedings in Corines' federal case, it does not appear that petitioner meets the "in custody" requirement of § 2254.

In *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923 (1989), the Supreme Court discussed at

length the "in custody" requirement for a writ of habeas corpus.

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). In this case, the Court of Appeals [for the Ninth Circuit] held that a habeas petitioner may be "in custody" under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language "in custody" too far.
> . . .
> We have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.
> . . . While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Id*. at 490-92, 109 S. Ct. at 1925-26.

As the decision in *Maleng* indicates, "custody" is broadly construed. A petitioner is considered "in custody" for purposes of habeas jurisdiction while he is on probation or parole. *Id*. at 491, 109 S. Ct. at 1925; *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560 (1968). As the Supreme Court made explicitly clear in *Maleng*, however, a petitioner is not "in custody" if his sentence of incarceration or probation has been fully served and only collateral consequences related to the conviction remain. 490 U.S. at 491-92, 109 S. Ct. at 1925-26. *See*

*also Ginsberg v. Abrams*, 702 F.2d 48 (2d Cir. 1983) (affirming dismissal of habeas petition for failure to meet the "in custody" requirement where petitioner's sentence was an unconditional discharge but petitioner's law license was revoked as a result of the conviction); *Furey v. Hyland*, 395 F. Supp. 1356 (D.N.J. 1975) (citing *Carafas* and holding that petitioner's allegation that his medical license might be revoked based on his conviction was insufficient to satisfy the "in custody" requirement where petitioner's sentence was suspended and he was not incarcerated at the time he filed his habeas petition). Moreover, and of greater relevance here, a petitioner does not meet the "in custody" requirement, even though he may be currently incarcerated, if the current incarceration is not the result of the conviction under attack in the habeas petition. *Maleng*, 490 U.S. at 490, 109 S. Ct. at 1925. *See also Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 396, 121 S. Ct. 1567, 1570 (2001) (holding that habeas relief is not available to a petitioner in custody based upon a conviction other than the one he seeks to challenge, even if the current sentence "was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody"); *Harvey v. People of the City of New York*, 435 F. Supp. 2d 175, 177-78 (E.D.N.Y. 2006) (citing *Maleng* and holding that "when a petitioner's sentence has been fully discharged, collateral immigration consequences stemming from the conviction are not sufficient to satisfy the 'in custody' requirement" of § 2254); *Ellis v. Dretke*, 456 F. Supp. 2d 421, 423 (W.D.N.Y. 2006) (citing *Maleng* and *Lackawanna* and holding that petitioner failed to meet the "in custody" requirement where he was incarcerated in Texas on a parole violation unrelated to the New York conviction that was the subject of the habeas petition).

As demonstrated by the discussion above, this court requires additional information

before it can determine whether Corines was "in custody" at the time he filed his habeas petition. Accordingly, the parties shall submit simultaneous letter briefs of no more than five pages by June 22, 2007. The parties shall specify, with supporting documentation, when Corines was on probation pursuant to his state court conviction, when the period of probation ended, and whether (and if so, when) Corines was *ever* incarcerated based upon his state court conviction or a violation of his state probationary sentence. The letters shall also set forth the parties' positions with respect to whether petitioner satisfies the "in custody" jurisdictional requirement of 28 U.S.C. § 2254.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated:     Brooklyn, New York
           June 1, 2007