D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER CORINES,

**MEMORANDUM & ORDER**

05-CV-2056 (NGG) (SMG)

Petitioner,

-against-

SUPERINTENDENT, Otisville Correctional
Facility,

Respondent.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Peter Corines ("Petitioner"), proceeding pro se, has filed a Petition for a Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254. (Docket #3 (Pet.), #12 (Am. Pet.).) He has also filed a Motion for Summary Judgment on several claims in the Habeas Petition. (Docket # 38.) In a Report and Recommendation ("R&R") dated June 10, 2008, Magistrate Judge Steven M. Gold recommended that Petitioner's Habeas Petition and Motion for Summary Judgment be denied. (Docket #55.) On October 15, 2008, Petitioner filed timely Objections to the Report and Recommendation. (Docket #60.) The same day, Petitioner also filed a Motion for Discovery of Trial Exhibits ("Motion"), which is currently before the court. (Docket #59.) For the reasons below, Petitioner's Motion is denied.

I. **Procedural Background**

Petitioner has made numerous applications to Judge Gold for discovery, including requests for discovery of the trial exhibits. At a conference on June 5, 2006, Judge Gold granted

1

in part and denied in part Petitioner's requests for additional documents. (Hr'g Tr. June 5, 2006) (Docket #30.) Judge Gold ordered Respondent to produce, inter alia, complete transcripts of the proceedings in Petitioner's state court trial, including the pretrial conference, jury selection, post-trial hearing, and oral argument of post-trial hearing issues, but did not grant Petitioner's request for copies of the trial exhibits. (Hr'g Tr. 23.) On July 31, 2006, Petitioner again requested copies of the trial exhibits. (Docket #34.) On August 16, 2006, Judge Gold denied Petitioner's request because the Habeas Petition had already been fully briefed and submitted, but noted that the request may be renewed "if upon further review of the petition, the Court determines that a hearing should be held or that additional submissions are required. In that event, Petitioner may then identify particular trial exhibits that are relevant to the Court's inquiry." (Docket #33.)

By letter dated August 25, 2006, Petitioner requested reconsideration of Judge Gold's order denying discovery of the trial exhibits on the ground that he "believes that further ground for habeas relief may exist." (Pet. Letter Aug. 25, 2006 (Mot. Ex. A).) That letter asserts that the admission of the exhibits "allowed the Jury to be prejudiced by matters that were not part of the Indictment on trial." (Id. at 2.) It appears that Petitioner's letter was not entered on the court's electronic case file docket. (R&R 3 n.3.) Respondent opposed Petitioner's request in a letter dated August 29, 2006. (Docket #36.)

In his R&R recommending that Petitioner's Habeas Petition and Motion for Summary Judgment be denied, Judge Gold addressed the August 25, 2006 letter and noted that "[t]he transcript from petitioner's trial describes the exhibits in sufficient detail for purposes of the pending petition, and the record does not reflect any basis for petitioner's assertion that their admission 'allowed the jury to be prejudiced by matters that were not part of the Indictment on trial.'" (R&R 3 n.3.)

2

A court must construe a pro se party's pleadings liberally and read them to raise the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Although Judge Gold did not issue a separate ruling on Petitioner's letter motion dated August 25, 2006, the R&R appears to deny it on the merits. (See R&R 3 n.3.) Construing Petitioner's present Motion liberally, the court treats it as an appeal of Judge Gold's decision to this Court.

## II. Analysis

Rule 72 of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide the standard for district court review of a federal magistrate judge's order. When this court reviews a magistrate judge's determination of a nondispositive matter, this court may overrule the magistrate judge's decision where it is clearly erroneous or contrary to law. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990) ("A magistrate . . . may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard."). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Nielsen v. New York City Dep't of Educ., No. 04-cv-2182 (NGG), 2007 WL 1987792, at *1 (E.D.N.Y. Jul. 5, 2007).

The court finds no error in Judge Gold's conclusion regarding discovery of trial exhibits. The court has also reviewed Plaintiff's August 25, 2006 letter motion, and finds it without merit. It is well-settled that a habeas corpus petitioner is not entitled to discovery as a matter of course. See Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003). A petitioner must show good cause

for his or her request. Id.; Rules Governing § 2254 cases, Rule 6. Where the request for discovery is a mere fishing expedition, the court will not grant it. Perez v. United States, 378 F. Supp. 2d 150, 157 (E.D.N.Y. 2005); see Hirschfeld v. Comm'r of Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). Petitioner's letter motion makes clear that Petitioner sought discovery of the trial exhibits not to assist him in presenting the issues raised in his pending Habeas Petition, but to search for new, unexhausted issues that were never raised in any prior state or federal proceeding. (See Mot. Ex. A. at 1-2.) Petitioner has pointed to no error in Judge Gold's denial of his request, nor does this court find any error, let alone a "definite and firm conviction that a mistake has been committed." Nielsen, 2007 WL 1987792 at *1.

Accordingly, Petitioner's Motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
November 4, 2008

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge